FI. FA. and attachment laid in the hands of James Giffin, Ex'r.
Rule to show cause why the fi. fa. attachment should not be set aside; also why the service of the attachment on James Giffin, executor, should not be quashed, for want of a demand before the judgment was entered.
Mr. Bayard. — 1. It appears from the record, that the judgment is for a penalty on a bond, payable on demand. The penalty is not due until the condition is broken. And it makes no difference whether a collateral condition is to pay money, or to do any other act. If the condition were to pay in a day after demand, there would be no doubt the demand must be proved; and what is the difference between that and a condition to pay on demand? If the condition be to pay generally, no demand need be made, for the suit is a demand; but not so of a penalty, which being on a condition, that condition must be complied with; and this distinguishes it from cases of notes or other obligations for the payment of money on demand. (9 Com. Law Rep., 221,Simpson vs. Routh et al; 3 Camp. Rep., 459,Carter vs. Ring; 27 Eng. Com. Law Rep., 235,Edwards' ex'r. vs. Southam.)
The power of attorney to confess judgment does not affect this. The judgment may be entered with a cesset executio; as in the common case of a bond payable at a future day. But no execution can be issued until the time of payment.
2. The judgment in favor of Vincent and wife, against Giffin, is admitted to be for a debt due to the wife dum sola; such a debt cannot be attached. I do not refer to cases of debts due to husband and wife, which the husband may collect in his own name; such debts may be attached as the husband's debt, for it is his property; but the debt due to the wife dum sola, which the husband cannot recover without joining his wife, is her debt before collection, and cannot be collected by attachment as his debt.
The attachment law authorizes the attachment of debts due to the defendant, not those due defendant and another. The voluntary assignment of the husband, for the-use of a wife, of debts due her *Page 269 
dum sola, has been sustained in equity against a creditor. (2 Brock.Rep., 285.) The husband has an election to collect such debt or not. If he does not collect it, and his wife survives him, it survives to her. He cannot be compelled in any way directly to make such debts of his wife his own; shall he then indirectly be compelled to do the same thing by attaching this as the property of the husband?' This is pressing the attachment law beyond its terms, to make it include debts not included in it; and that oppressively against the wife.
Mr. Bradford, contra. — The position that there must be a demand before action on a bond for the payment of money on demand, whether it be for a penalty or not, is novel. It seems to be against general principles, unless the condition be to perform a collateral act, other than the payment of money. (Chitty Cont., 733; 27 Com. Law. Rep., 235,Edwards' ex'r. vs. Southam.) It is a new point; and is contrary to the common practice, which is to enter judgment on such bonds and issue execution without demand.
2. As to the second point, it has been ruled. (4 Harr. Rep., 466; 1Ibid, 442.)
Mr. Bayard, in reply. — The payment of a penalty is the performance of a collateral act. A bond for a sum certain, payable generally, is a present debt, and the suit is the demand; but a bond with a penalty payable on demand, is a bond on a condition, and there is no right of action until the condition is broken, which it is not until demand. The practice cannot control it, and is denied. It at least has not been sustained in a controverted case. Where a judgment is entered on a bond with a condition, before condition broken, if there was a warrant to confess judgment, it operates as a cesset executio until demand.
2. The other point is of sufficient importance to deserve careful review. I was not aware of the case in 1 Harr., which appears not to have been argued on one side; and it was probably the authority for the case in 4 Harr. The test of the matter is, how can the debtor who owes the wife; or at most the husband and wife, in right of the wife, swear that he is indebted to the husband.
The Court made the rule absolute on the first ground.
 Rule absolute.